IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **FERNANDO VERDE, Individually** § <br> **and on behalf of putative class members,** § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> **STONERIDGE, INC.,** *et al.* § <br> § <br> **Defendants.** § <br> § <br> § | **CASE NO. 6:14-CV-225-MHS KNM** <br><br> **JURY DEMANDED** |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

On June 23, 2015, Defendants FTE Automotive USA, Inc. ("FTE") and Stoneridge, Inc. ("Stoneridge") filed separate Objections to the Magistrate Judge's Report and Recommendation Denying Defendants' Motions to Dismiss (Doc. Nos. 146 & 147). Defendants also filed a Joint Motion for Rehearing and Reconsideration of Motions to Dismiss Plaintiff's Second Amended Complaint and Petition for Class Certification (Doc. No 148). Having made a *de novo* review of the written objections filed by Defendant, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit. For the reasons below, FTE's and Stoneridge's Objections are **OVERRULED** and the Motion for Rehearing (Doc. No. 148) is **DENIED.**

Defendants' Objections and Motion for Rehearing use strong language and primarily take issue with the Report's recommendation to deny the Motions to Dismiss on the grounds of claim splitting. Defendants argue that the Report commits legal error by finding that this action is not

barred by the "rule against claims splitting." *E.g.*, Doc. No. 147 at 1. Defendants argue that the Court should not "make new law" by creating an exception for Mr. Verde and allowing him to "flagrantly violat[e] the prohibition against claim splitting." Doc. No. 146 at 1. Defendants contend that the rule against claim splitting is not discretionary. Doc. No. 146 at 2–3. Additionally, Defendants argue that *res judicata* applies and that the Report improperly applies a blanket exception for claim splitting in class actions. Doc. No. 147 2–3. Further, Defendants assert that the Report relies on authorities not "raised or cited by Plaintiff."[1] Doc. No. 148 at 2.

The Report includes a thorough discussion and analysis of claim splitting, its relation to *res judicata*, and whether the "rule" is discretionary. After concluding that the Court retains discretion to dismiss a case on the basis of claims splitting, the Report discusses its bases for declining to exercise its discretion to dismiss Mr. Verde's case.

Despite the strong language of their objections, Defendants fail to cite any binding law for the proposition that the Court must always dismiss a second complaint alleging the same cause of action as a prior, pending related case. In fact, the binding legal precedent stands for the contrary proposition. The second complaint *may* be dismissed. *Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996) ("Finally, we find no error in the district court's order dismissing FOE's second complaint as duplicative of the first. When a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint may be dismissed. This rule finds particular application where, as here, the plaintiff files the second complaint to achieve procedural advantage by circumventing the rules pertaining to the amendment of complaints.") (internal quotations omitted); *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985) ("When a plaintiff files a second complaint alleging

---

[1] The Court is not limited to authority raised in the parties' briefs. The Court may look to the entire body of 5th Circuit law as precedent.

the same cause of action as a prior, *pending*, related action, the second complaint may be dismissed.") (emphasis in original). Finding no error in a court's decision to dismiss under the claim-splitting doctrine does not equate to a mandatory directive to do so. Defendants confuse dismissal on the basis of claim splitting with *res judicata.* But, as the Magistrate Judge correctly noted, the two doctrines are distinct and focus on distinct underlying concerns. "[C]laim-splitting focuses on the district court's comprehensive management of its docket, whereas res judicata focuses on protecting the finality of judgments." Doc. No. 143 at 9–10 (internal quotation omitted). Additionally, claim-splitting is concerned with the principals of comity and sound judicial administration, which are primarily a concern when cases are filed in separate courts. *Ameritox, Ltd. v. Aegis Sciences, Corp.,* 2009 WL 305874, at *4 (N.D. Tex. Feb. 9, 2009).

Defendants' reliance on *Ameritox* is misplaced. *Ameritox* underscores the discretionary nature of dismissal based on claim splitting. *Id.* at *4-*5 ("The court need not resolve this dilemma, however, because it *can* dismiss Ameritox's suit under the rule against claim-splitting. . . .") (emphasis added) ("A dismissal on this [claim-splitting] ground has been viewed as a matter of docket management, reviewed for abuse of discretion, even in decisions that with some exaggeration describe the theory as an aspect of res judicata.") (internal quotations omitted); ("Under the rule against claim-splitting, a claim *may* be dismissed if it arises out of the same wrong (or transaction) as the first-filed claim.") (emphasis added). As noted in *Ameritox* and by Defendants, a decision to dismiss a case based on claim splitting is reviewed for an abuse of discretion. Defendants stretch the bounds of reasonableness by arguing that a decision reviewed for an abuse of discretion is not in fact discretionary. Although the Court does indeed have

latitude in its application of the same transaction test as Defendants note, they cite no authority for the proposition that the Court's discretion is so limited.

The Report does not create a new blanket exception to the rule against claim splitting. Instead, the Report based its recommendation to exercise discretion and deny dismissal of the case on several relevant factors.[2] As noted above, Defendants' objections regarding claim splitting and other issues are without merit. The Report provides a thorough and well-reasoned analysis of all grounds for its recommendation for disposition of the Motions to Dismiss.

Accordingly, the Court adopts the Magistrate Judge's Report and Recommendation (Doc. No. 143). Defendants' Motion for Rehearing (Doc. No. 148) is **DENIED**. FTE's and Stoneridge's Motions to Dismiss Plaintiff's Second Amended Complaint and Petition for Class Certification (Doc. Nos. 106 & 107) are **DENIED**, and Arrow's Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim (Doc. No 108) is **GRANTED** under Rule 12(b)(6). Further, Mr. Verde's indemnitor liability claim against Arrow is **DISMISSED WITH PREJUDICE**.

**SIGNED this 22nd day of September, 2015.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

---

[2] Some of these factors are mentioned in the following excerpt:

> Federal Rule of Civil Procedure 18 does not impose a strict requirement on Mr. Verde to bring all possible claims in one action. Additionally, other courts recognize an exception to the rule against claim splitting for class actions and the discretion entrusted to the Court to manage its own docket. Here, many other potential plaintiffs with warranty claims but without personal injuries may exist, so filing a separate class action suit provides members of the putative class a chance for relief. Because this Court will oversee both suits, there are no comity concerns or risks of rulings that will trench upon the authority of other courts. Further, various case management devices remain available to the Court to ensure efficient use of party and judicial resources.

Doc. No. 143 at 11.