IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| FERNANDO VERDE | § | |
| | § | |
| vs. | § | CASE NO. 6:14-CV-225 |
| | § | |
| STONERIDGE, INC., *et al.* | § | |
| | § | |
| | § | |
| | § | |

# ORDER ADOPTING REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge ("the Report"), which contains her findings, conclusions and recommendation for the disposition of this matter, has been presented for consideration. The Report recommends that Plaintiff's Motion for Class Certification (Docket No. 166) be denied. Plaintiff filed a written objection to the Report (Docket No. 242), and Defendant Stoneridge, Inc. filed a limited written objection asserting additional reasons that the motion for class certification should be denied (Docket No. 240).

In this case, Plaintiff seeks class certification pursuant to FED. R. CIV. P. 23(b)(3). Plaintiff objects to the finding in the Report that he failed to meet his burden of establishing predominance. Plaintiff additionally submits that a timeliness issue should not "overwhelm the vast majority of common issues of law and fact."[1] In addition to establishing the class prerequisites found in FED.

---

[1] *See* Plaintiff's Objection to the Magistrate Judge's Report and Recommendation Concerning Class Certification, Docket No. 242, at *3.

R. CIV. P. 23(a), Plaintiff must establish that "the questions of law or fact common to class members predominate over any questions affecting individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). A predominance analysis is far more demanding than the commonality requirement of Rule 23(a) "because it tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Unger v. Amedisys, Inc.*, 401 F.3d 316, 320 (5th Cir. 2005) (internal quotations omitted). "The standard for certification imposed by Rule 23(b)(3) . . . mandates caution, particularly where 'individual stakes are high and disparities among class members are great.'" *Bell Atlantic Corp. v. AT&T Corp.*, 339 F.3d 294, 302 (5th Cir. 2003) (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

As set forth in the Magistrate Judge's thorough Report, the statute of limitations and statutory notice analysis for Plaintiff's implied warranty of merchantability and breach of express warranty claims require an individualized inquiry for each class member to determine when the alleged defect was discovered or should have been discovered and whether each class member exercised due diligence leading up to the discovery of the alleged breach. This inquiry is not susceptible to class-wide resolution. Moreover, Plaintiff failed to provide a trial plan that would provide an opportunity to determine the individual class member timeliness issues without having the class devolve into a series of individual trials. The Court must consider how a trial on the merits would proceed and seek to prevent the class from "degenerating into a series of individual trials." *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 738 (5th Cir. 2003). Here, Verde has not met his burden to establish predominance.

Having made a *de novo* review of the written objections filed by Plaintiff and Defendant Stoneridge, Inc. in response to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit. The issues raised by both parties were raised and rejected in the Report.

It is **ORDERED** that the Report and Recommendation (Docket No. 237) is **ADOPTED,** and Plaintiff's Motion for Class Certification (Docket No. 166) is **DENIED**.

**SIGNED this 23rd day of May, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE